IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FRIENDS OF DISCOVERY PARK,

Plaintiff,

v.

UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT,

Defendant.

NO.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

## I. NATURE OF ACTION

1. Plaintiff Friends of Discovery Park ("Friends") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Through four separate FOIA requests, Friends sought records from the Defendant United State Department of Housing and Urban Development ("HUD"). HUD, in cooperation with the United States Department of Defense ("DOD") is reviewing a proposal by the City of Seattle ("City") to transfer a portion of DOD's surplus property at Fort Lawton, Seattle to the City of Seattle for use as low-income housing. Prior to making any determination about the proposed transfer, DOD and HUD are evaluating the City's proposal for compliance with various regulations that govern the transfer of surplus



Bricklin & Newman, LLP
Attorneys at Law
1424 Fourth Avenue, Suite 500
Seattle WA 98101
Tel. (206) 264-8600
Fax. (206) 264-9300

military land, as well as the adequacy of the City's proposal to achieve its stated aim of providing low-income housing. HUD failed to produce documents sought by Friends through Friends' four FOIA requests. HUD also did not provide a timeline by which the requested documents would be produced. HUD also did not respond with an adverse determination that it would not provide the documents. Instead, HUD left Friends in limbo—unsure of whether and when HUD would produce the documents or issue an adverse determination. HUD failed to respond within the statutorily prescribed time limit, failed to disclose the documents, and unlawfully withheld the requested information. Friends now ask the Court to find that HUD has violated FOIA and to order HUD to respond to the request and produce in a timely manner all responsive records improperly withheld from Friends.

2. Friends seeks declaratory relief establishing that HUD has violated FOIA as to Friends' four FOIA requests, and injunctive relief directing HUD to promptly provide Friends with the requested documents.

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to FOIA, 5 U.S.C. § 552(a)(4)(B). This Court also has jurisdiction over this action under 28 U.S.C. § 1311 (federal question).

4. This Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(e) because no real property is involved in this action and Plaintiff is incorporated and has its principal place of business in this district. Venue is also proper under 5 U.S.C. § 552(a)(4)(B).



**Bricklin & Newman, LLP**
Attorneys at Law
1424 Fourth Avenue, Suite 500
Seattle WA 98101
Tel. (206) 264-8600
Fax. (206) 264-9300

6. This Court has the authority to award costs and attorneys' fees under 28 U.S.C. § 2414 and 5 U.S.C. § 552(a)(4)(E).

## III. PARTIES

7. Plaintiff Friends of Discovery Park is a nonprofit organization incorporated in the state of Washington. Friends has members who reside in the immediate area of Fort Lawton, Seattle, Washington, which is adjacent to Discovery Park. Friends' principal place of business is at 1926 7th Ave W, Seattle, WA 98119-2879.

8. Friends' organizational purpose is to defend the integrity of Discovery Park; to create and protect there an open space of quiet and tranquility, a sanctuary where the works of man are minimized, appearing to be affected primarily by the forces of nature, a place which emphasizes its natural environment, broad vistas and unspoiled shorelines; and to promote the development of the Park according to a Master Plan responsive to these goals. Friends coordinates many volunteer activities in Discovery Park aimed at enhancing the natural environment and citizens' understanding and appreciation thereof. These activities include, but are not limited to, beach clean-up, educational programs, reforestation projects, invasive species removal, trail construction, and many more.

9. Friends is represented in this matter, and in the submission of the four FOIA requests at issue, by Bricklin and Newman, LLP, 1424 4th Ave Ste. 500, Seattle, WA 98101. Associate attorney Audrey Clungeon submitted the four FOIA requests on behalf of Friends. Associate attorney Alex Sidles represents Friends in this action.

10. Defendant HUD is an agency of the United States, within the meaning of 5 U.S.C. § 552(f)(1). HUD has a duty to provide public access documents in its possession consistent with the requirements of FOIA. It has possession of and control over the records that Friends seek.



**Bricklin & Newman, LLP**
Attorneys at Law
1424 Fourth Avenue, Suite 500
Seattle WA 98101
Tel. (206) 264-8600
Fax. (206) 264-9300

By its delay and lack of response, HUD is denying Friends access to its records in contravention of federal law. HUD is located at 451 7th St. SW, Washington, DC.

## IV. STATUTORY FRAMEWORK

11. FOIA promotes open government by providing every person with a right to request and receive federal agency records. 5 U.S.C. § 552(a)(3)(A), (f).

12. In furtherance of its purpose to encourage open government, FOIA imposes strict deadlines on agencies to provide responsive documents to FOIA requests. 5 U.S.C. § 552(a)(6)(A); 24 C.F.R. § 15.103(a).

13. An agency must comply with a FOIA request by issuing an initial determination within twenty days after receipt of the request, except in "unusual circumstances." 5 U.S.C. § 552(a)(6)(A)(i), (a)(6)(B)(i); 24 C.F.R. § 15.103(a), (b), (c).

14. The determination "must at least inform the requester of the scope of the documents that the agency will produce, as well as the scope of the documents that the agency plans to withhold under any FOIA exemptions." *Citizens for Responsibility & Ethics in Wash. v. Fed. Election Comm'n*, 711 F.3d 180, 186 (D.C. Cir. 2013).

15. An agency is entitled to one ten-day extension of time to respond to a request if it provides written notice to the requester stating that "unusual circumstances" exist that warrant additional time. 5 U.S.C. § 552(a)(6)(B)(i); 24 C.F.R. § 15.103(c).

16. If processing a request will require more than the ten-day "unusual circumstances" extension, the agency must either offer the requester an opportunity to reduce the scope of the request such that the request can be fulfilled within the ten-day extension or the agency must provide an alternative time period within which the request will be processed. 5 U.S.C. § 552(a)(6)(B)(ii); 24 C.F.R. § 15.103(c).



**Bricklin & Newman, LLP**
Attorneys at Law
1424 Fourth Avenue, Suite 500
Seattle WA 98101
Tel. (206) 264-8600
Fax. (206) 264-9300

17. An agency must make available its FOIA public liaison to assist the requester in the event that a ten-day "unusual circumstances" extension will not afford the agency enough time to process the request. The FOIA public liaison shall assist the requester in resolving any disputes. 5 U.S.C. § 552(a)(6)(B)(ii); 24 C.F.R. § 15.103(c).

18. An agency's failure to comply with any timing requirements is deemed constructive denial and satisfies the requester's requirement to exhaust administrative remedies. 5 § 552(a)(6)(C)(i).

19. A FOIA requester who exhausts administrative remedies may petition the court for injunctive and declaratory relief from the agency's continued withholding of public records. 5 552(a)(4)(B).

## V. FACTUAL BACKGROUND

20. HUD provides a web portal where members of the public may submit FOIA requests.[1] Once a request has been submitted, the web portal automatically assigns a request number to the request. The web portal then generates an automatic estimated date of production.

21. On November 18, 2019, Ms. Clungeon submitted the first of Friends' FOIA requests to HUD's Executive Secretariat. The HUD portal acknowledged receipt the same day and assigned a request number of 20-FI-HQ-00283 ("Request 0283" or "First Request"). The HUD portal issued an "estimated delivery date" of December 17, 2019.

22. The First Request sought:

1. All documents of communications between the Department of Housing and Urban Development and the Department of Defense or the City of Seattle regarding Fort Lawton.
2. All preliminary or final determinations regarding Fort Lawton.

[1] The web portal's address is https://hudpal.efoia-host.com.



Bricklin & Newman, LLP
Attorneys at Law
1424 Fourth Avenue, Suite 500
Seattle WA 98101
Tel. (206) 264-8600
Fax. (206) 264-9300

> 3. All documents regarding the length of time it may or will take the Department of Housing and Urban Development to complete its review of the application and render its preliminary determination and final decision.
> (Date Range for Record Search: From 01/01/2018 To 11/18/2019)

23. Also on November 18, 2019, Ms. Clungeon submitted a second FOIA request on behalf of Friends, this one to DOD. On or about December 20, 2019, DOD forwarded this FOIA request to HUD, which added it to the portal under request number 20-FI-HQ-00581 ("Request 0581" or "Second Request"). The HUD portal issued an "estimated delivery date" of January 22, 2020.

24. The Second Request sought:

> All documents related to the conveyance of Fort Lawton to the City of Seattle from January 1, 2017, to the present, including but not limited to all communications between DOD and the City of Seattle, and documents describing the steps in timing of the agency's processing of the City of Seattle's application for the conveyance of Fort Lawton. (Date Range for Record Search: From 1/20/2017 To 12/20/2019)

25. On May 27, 2020, Ms. Clungeon submitted the third of Friends' FOIA requests to HUD's Executive Secretariat. This time, the HUD portal acknowledged receipt on May 28, 2020 and assigned a request number of 20-FI-HQ-01357 ("Request 1357" or "Third Request"). Subsequently, HUD modified the received date to June 26, 2020, as will be discussed further below. The HUD portal issued an "estimated delivery date" of July 8, 2020.

26. Originally, the Third Request sought:

> 1. All documents of communications between the Department of Housing and Urban Development and the Department of Defense or the City of Seattle regarding Fort Lawton.
> 2. All preliminary or final determinations regarding Fort Lawton.
> 3. All documents regarding the length of time it may or will take the Department of Housing and Urban Development to complete its review of the application and render its preliminary determination and final decision.
>
> (Date Range for Record Search: From 11/20/2019 To 5/27/2020)



**Bricklin & Newman, LLP**
Attorneys at Law
1424 Fourth Avenue, Suite 500
Seattle WA 98101
Tel. (206) 264-8600
Fax. (206) 264-9300

27. However, subsequent to email communications in June 2020 between Ms. Clungeon and FOIA Liaison Officer William Smith (described in detail below), HUD modified the Third Request to read:

> I can clarify that my request pertains to Fort Lawton in Seattle, Washington and pertains to Seattle's application (including the redevelopment plan and homeless assistance submission) to the Department of Defense and Housing and Urban Development for conveyance of Fort Lawton to the City of Seattle pursuant to the Defense Base Closure Realignment Act.
>
> 1. All records or communications between the Department of Housing and Urban Development and the Department of Defense or the City of Seattle regarding Fort Lawton.
> 2. All records or communications related to the conveyance of Fort Lawton to the City of Seattle.
> 3. All records or communications regarding preliminary of final determinations regarding Fort Lawton.
> 4. All records or communications regarding the length of time it may or will take the Department of Housing and Urban Development to complete its review of the application and render its preliminary determination and final decision. (Date Range for Record Search: From 11/20/2019 To 5/27/2020)

28. On September 21, 2020, Ms. Clungeon submitted the fourth of Friends' FOIA requests to HUD's Executive Secretariat. This time, the HUD portal acknowledged receipt on September 22, 2020 and assigned a request number of 20-FI-HQ-01887 ("Request 1887" or "Fourth Request"). The HUD portal issued an "estimated delivery date" of October 21, 2020.

29. The Fourth Request sought:

> 1. All records or communications between the Department of Housing and Urban Development and the Department of Defense regarding Fort Lawton.
> 2. All records or communications between the Department of Housing and Urban Development and the City of Seattle regarding Fort Lawton.
> 3. All records or communications related to the conveyance of Fort Lawton to the City of Seattle.
> 4. All records or communications regarding preliminary of final determinations regarding Fort Lawton.
> 5. All records or communications regarding the length of time it may or will take the Department of Housing and Urban Development to complete its review of



**Bricklin & Newman, LLP**
Attorneys at Law
1424 Fourth Avenue, Suite 500
Seattle WA 98101
Tel. (206) 264-8600
Fax. (206) 264-9300

the application and render its preliminary determination and final decision. (Date Range for Record Search: From 05/27/2020 To 09/21/2020)

30. Friends' attorney Mr. Sidles took the following screenshot of the HUD portal on November 9, 2020, showing the status at that time of Friends' four FOIA requests:

| Request # | Description | Received Date | Estimate Delivery Date | Status | Download |
|---|---|---|---|---|---|
| 20-FI-HQ-00283 | On behalf of her client Friends of Discovery Park:... | 11/18/2019 | 12/17/2019 | Assigned for Processing | - |
| 20-FI-HQ-00581 | On behalf of her client Friends of Discovery Park:... | 12/20/2019 | 1/22/2020 | In Process | - |
| 20-FI-HQ-01357 | On behalf of her client Friends of Discovery Park:... | 5/28/2020 | 6/25/2020 | Assigned for Processing | - |
| 20-FI-HQ-01887 | On behalf of her client Friends of Discovery Park:... | 9/22/2020 | 10/21/2020 | In Process | - |

31. As of October 29, 2020, the requester of each of the four FOIA requests was identified on the HUD portal as Audrey Clungeon, but the description of each records request began with the phrase, "On behalf of her client Friends of Discovery Park."

32. As of the date of this Complaint, HUD has not provided Friends any of the documents Friends requested in any of the four FOIA requests.

33. As of the date of this Complaint, HUD has not provided an estimated date for the production of the documents from any of the four FOIA requests.

34. As of the date of this Complaint, HUD has not determined in writing whether it will respond to or deny any of the four FOIA requests.

35. With regards to the First Request (submitted November 18, 2019 and estimated delivery date December 17, 2019), HUD FOIA liaison officer William Smith sent the following email to Ms. Clungeon on December 26, 2019 (with emphasis added in bold):

Hello Ms. Clungeon,

Releasable information for item 1 of your request has been obtained for review by the Department's Community Planning and Development (CPD) staff from CPD's Region 10 program area subject matter experts. CPD's Region 10 staff have



**Bricklin & Newman, LLP**
Attorneys at Law
1424 Fourth Avenue, Suite 500
Seattle WA 98101
Tel. (206) 264-8600
Fax. (206) 264-9300

> recommended that a response to items 2 and 3 of your request be released by CPD Headquarters staff before entering final stages of the review process for a release of all items you have requested.
>
> **Unfortunately, it is not possible for us to determine a time frame that documents or response will be released**. There are many FOIA request being reviewed, ahead of yours, and the review process can be lengthy depending what needs to be reviewed. The Department is unable to determine the amount of time needed to complete the reviews. However, I assure you the Department's response will be released to you **as soon as possible**.

36. Ms. Clungeon sent a follow-up email on February 28, 2020 indicating that HUD had not sent her any of the items for which HUD acknowledged that it did have information and that HUD had also not sent her an estimated date for the production of that or any other document.

37. Mr. Smith responded on March 2, 2020 as follows (with emphasis added in bold):

> Hello Ms. Clungeon,
>
> **Please pardon my oversight**, but as mentioned the information you have requested is being obtained in part from the Department's CPD Region 10 staff and I part from the CPD Headquarters' staff. Those staff members are CPD subject matter experts and **have coordinated to their ability to satisfy your FOIA request**.
>
> You have requested all documents of communications between HUD and DOD or the Seattle, WA regarding Fort Lawton. If I may, I'd liked to acknowledge to you that a FOIA request of the type you have submitted presents an unusual circumstance for processing.
>
> The information you have requested, requires multiple searches in various program office areas. For these reasons, HUD is **unable to respond to your FOIA request within the statutory time frame of 20 business days**.
>
> I will contact the CPD subject matter experts to determine if there can be an interim response to you within their recommendation. Or let me know via email as soon as possible if there is one particular item with response you may need from CPD over any other of the items requested? If so that will enable me to have the CPD subject matter experts concentrate on providing that one item or response prior to the other items to enable an acceptable interim response to you.



**Bricklin & Newman, LLP**
Attorneys at Law
1424 Fourth Avenue, Suite 500
Seattle WA 98101
Tel. (206) 264-8600
Fax. (206) 264-9300

38. Ms. Clungeon responded on March 9, 2020, indicating that she doubted her request—which was for a single parcel and involved a narrow range of dates—would generate many responsive documents. She asked for an estimated date of production and reminded Mr. Smith she had already previously asked for an estimated date of production. She also asked for a first installment if not all records were immediately available, plus an estimated date of production for any remaining documents.

39. Mr. Smith responded on March 10, 2020 as follows:

> Hello Ms. Clungeon,
> An interim response to your FOIA request 20-FI-HQ-00283 has been **submitted for review and release to you since my previous 3/2/2020 email to you. You will receive a release to you as soon as possible.** However, you have every right to pursue litigation should you choose to do so.

40. On March 11, Ms. Clungeon said she had not received any "interim response" and requested an estimated date of production, reminding Mr. Smith he had been telling her "as soon as possible" since December (by now nearly three months past).

41. Mr. Smith responded the same day as follows (emphasis added in bold):

> Ms. Clungeon,
> At this stage in the Department's process your interim response is not being processed by me. It has now moved in the process to the FOIA Branch Chief who must review and send to OGC for a legal review.
>
> **It's not possible for me to estimate or to determine a time frame that documents or a FOIA response will be released**. There are many FOIA request being reviewed, ahead of yours, and the review process can be lengthy depending what needs to be reviewed. To be more explicit, your FOIA request is FOIA number 20-FI-HQ-00283 which means there are at least 282 FOIA responses to be processed ahead of yours. The Department is **unable to determine the amount of time needed to complete the reviews**. However, I assure you the Department's response will be released to you as soon as possible.



**Bricklin & Newman, LLP**
Attorneys at Law
1424 Fourth Avenue, Suite 500
Seattle WA 98101
Tel. (206) 264-8600
Fax. (206) 264-9300

42. On September 24, 2020, Ms. Clungeon emailed Mr. Smith to ask for an update regarding the status of the four requests and to inform Mr. Smith that she had made those requests on behalf of Friends in her capacity as their attorney.

43. That same day, Mr. Smith replied (emphasis added in bold):

> Ms. Clungeon,
>
> Your FOIA requests 20-00283 [First Request] and 20-01357 [Third Request] are being responded to by the Department's appropriate program office subject matter experts as you may be aware.
>
> A response to Items 1 of FOIA request 20-00283 has been provided HUD Headquarters for a response to you by HUD's Region 10. The item 1 response is now in the review stages of the HUD FOIA process.
>
> A response for item 2 dated 6/25/2020 of FOIA request 20-01357 was provided you by HUD Region 10 via 20-FI-R0X-01356.[2] As search is being conducted in HUD Headquarters for the remaining items (1, 3, and 4).
>
> Under the FOIA, neither of your FOIA request have been perfected. Any clarification from you may help the Department's subject matter experts who conduct the searches and provide responses. You may amend your requests, should you be short of a possible deadline. This may help satisfy a need to meet your intentions.
>
> FOIA requests 20-FI-HQ-00581 and 20-FI-HQ-01887 is not part of my workload. I believe, you'll need to contact Mr. Rosenberg for a status.

44. There has been no further substantive communication from Mr. Smith or any other HUD official regarding the First Request. As of the date of this Complaint, there has been no production of any documents nor any estimated date of production.

45. With regards to the Second Request (received December 20, 2019, estimated delivery date January 22, 2020), there has never been any statement in writing by HUD as to

---

[2] FOIA Request 20-FI-ROX-01356 was sent to HUD's regional office, not HUD headquarters. The regional office's response was compliant with FOIA and is not part of this lawsuit, unlike the noncompliant response from HUD headquarters.



**Bricklin & Newman, LLP**
Attorneys at Law
1424 Fourth Avenue, Suite 500
Seattle WA 98101
Tel. (206) 264-8600
Fax. (206) 264-9300

whether it will grant or deny the request, nor any release of documents, nor any estimated date of production other than the clearly erroneous January 22, 2020 date.

46. With regards to the Third Request (received May 28, 2020, subsequently changed to June 9, 2020, estimated date of delivery July 8, 2020), Friends received the following email from Mr. Smith on June 1, 2020 (emphasis added in bold):

> Dear Ms. Clungeon:
>
> This email acknowledges the Department of Housing and Urban Development's receipt of your Freedom of Information Act (FOIA) request dated May 27, 2020. Your request was received in the Department's FOIA Office on May 28, 2020.
>
> **Please clarify your FOIA request for what you have submitted with specifics to enable the Department to respond to you. This will narrow the scope of your request, adequately identify what you have requested, allow FOIA processing to proceed, and enable the Department's subject matter experts to conduct a search**.
>
> Freedom of Information Act (FOIA) requests must be specific. Without specifics we cannot effectively proceed processing a response to you. If you intend to submit a FOIA request, please provide the specifics with clarity via email to me as soon as possible to perfect your FOIA request. In addition, the FOIA expedite and fee waiver are prohibited and withdrawn as such requests cannot take effect until a perfected FOIA request is received by the Department.
>
> We look forward to your response via email to me as soon as you are able within a reasonable time period and your FOIA request will remain held as is /on hold during that time period. **However, if a modification to clarify your request is not received from you within 10 days from now via email to me the Department's FOIA Branch staff will assume you do not intend to clarify your FOIA request or is no longer interested. That will administratively withdraw your FOIA request**. An administrative FOIA request withdrawal will not and does not preclude you from submitting the same or other FOIA requests whenever necessary.
>
> Pursuant to the FOIA, 5 USC 552(a)(6)(A)(i), once HUD properly receives a FOIA request, the Department has 20 working days within which to make a determination on the request unless unusual circumstances exist. Under unusual circumstances, such as an agency's backlog, or the need to examine a voluminous amount of records required by the request, HUD can extend the 20-day time limit for processing a request.



**Bricklin & Newman, LLP**
Attorneys at Law
1424 Fourth Avenue, Suite 500
Seattle WA 98101
Tel. (206) 264-8600
Fax. (206) 264-9300

> HUD's policy is to process FOIA requests using "multi-track processing," which allows the Department to process FOIA requests on a first-in/first-out basis, within each track. HUD places FOIA requests in its routine or complex track based on the amount of work and time involved in processing the request. The criteria for assignment to a specific track are found in HUD's FOIA regulations, 24 CFR 15.105(a), which were published in the Federal Register on January 22, 2001, at 66 FR 6964. Your request is being processed on the routine track. Please note that upon further evaluation of your request, you may be notified that your request has been transferred to another track.
>
> The Department will comply with your request to the extent permissible by law. Any records not subject to an exemption will be forwarded to you promptly upon the completion of HUD's search and review process. Your request has been assigned to me William Smith for processing. If you have any questions regarding your request, please contact me William Smith via email at william.d.smith@hud.gov.

47. Ms. Clungeon responded on June 8, 2020, indicating that she believed her request was already sufficiently specific, because it involved a single project, a handful of agencies, and a narrow date range. She added:

> Perhaps I can clarify that my request pertains to Fort Lawton in Seattle, Washington and pertains to Seattle's application (including the redevelopment plan and homeless assistance submission) to the Department of Defense and Housing and Urban Development for conveyance of Fort Lawton to the City of Seattle pursuant to the Defense Base Closure Realignment Act.

48. Subsequent to Ms. Clungeon's June 8 email, HUD added Ms. Clungeon's clarifying language almost verbatim from Ms. Clungeon's email to the Third Request in the web portal, as described in ¶ 27 of this Complaint.

49. On June 9, 2020 Mr. Smith responded to Ms. Clungeon's June 8 email as follows (with emphasis added in bold):

> Ms. Clungeon,
> The Department's FOIA request are responded to by the program office subject matter experts relative to the request. We in the FOIA Branch must request that the program subject matter expert conduct a search for responses to FOIA requests.
>
> Therefore, we will not know what the Department finds as responsive until the program office subject matter experts initiates conducting a search. The FOIA



Bricklin & Newman, LLP
Attorneys at Law
1424 Fourth Avenue, Suite 500
Seattle WA 98101
Tel. (206) 264-8600
Fax. (206) 264-9300

> Branch staff does not know the number of responsive documents to the request, because the Department's program subject matter experts have not yet conducted a search in attempts to locate documents responsive to your FOIA request.
>
> The clarification you have provided **maybe** [sic] **sufficient enough** for the Department's program office subject matter experts to initiate conducting a search.

50. There was no further substantive communication from HUD regarding the Third Request. No documents were ever produced. No estimated date of production was ever given. There was no determination in writing as to whether HUD would grant or deny the request.

51. With regard to the Fourth Request (received September 22, 2020, estimated delivery date October 21), Ms. Clungeon received an email from Mr. Howard Rosenberg on September 23, 2020, with an estimate that, owing to unusual circumstances, it would take 30 to 45 days to process the request. Friends has received no further substantive written communication with regard to the Fourth Request.

52. On September 24, 2020, Ms. Clungeon sent an email to Mr. Smith regarding all four FOIA requests:

> Dear Mr. Smith,
>
> Please provide an update on the status and estimated production date for this request, as well as requests 20-FI-HQ-00283 and 20-FI-HQ-00581. And please confirm that the clarification I provided below was sufficient for the subject matter experts to conduct the search.
>
> This FOIA request, as well as request nos. 20-FI-HQ-00283, 20-FI-HQ-00581, and 20-FI-HQ-01887, were submitted on behalf of my clients, the Friends of Discovery Park. I submitted these requests in my capacity as their attorney. In your correspondence with me on these requests, and in HUD's substantive response to the requests, please include Mr. Philip Vogelzang from Friends of Discovery Park. His email address is philip.vogelzang@gmail.com.

53. Also on September 24, 2020, Mr. Smith responded:

> Ms. Clungeon,



Bricklin & Newman, LLP
Attorneys at Law
1424 Fourth Avenue, Suite 500
Seattle WA 98101
Tel. (206) 264-8600
Fax. (206) 264-9300

> Your FOIA requests 20-00283 and 20-01357 are being responded to by the Department's appropriate program office subject matter experts as you may be aware.
>
> A response to Items 1 of FOIA request 20-00283 has been provided HUD Headquarters for a response to you by HUD's Region 10. The item 1 response is now in the review stages of the HUD FOIA process.
> A response for item 2 dated 6/25/2020 of FOIA request 20-01357 was provided you by HUD Region 10 via 20-FI-R0X-01356. As search is being conducted in HUD Headquarters for the remaining items (1,3, and 4).
>
> Under the FOIA, neither of your FOIA request have been perfected. Any clarification from you may help the Department's subject matter experts who conduct the searches and provide responses. You may amend your requests, should you be short of a possible deadline. This may help satisfy a need to meet your intentions.
>
> FOIA requests 20-FI-HQ-00581 and 20-FI-HQ-01887 is not part of my workload. I believe, you'll need to contact Mr. Rosenberg for a status.

54. Contrary to Mr. Smith's September 24, 2020 email, there has not been any response with regard to Request 1356, the Third Request. Friends still has not received documents from the Third Request or any other.

55. On September 24, 2020, Mr. Philip Vogelzang, President of Friends of Discovery Park, emailed Mr. Smith directly, explained that Ms. Clungeon had submitted the four FOIA requests on behalf of Friends, asked that he, Mr. Vogelzang, be included on any correspondence between HUD and Ms. Clungeon, and asked that HUD please supply Ms. Clungeon a response to the FOIA requests.

56. Throughout October 2020, Mr. Vogelzang, Ms. Clungeon, and HUD's representatives (Mr. Smith and Mr. Rosenberg) exchanged emails on the subject of the identity of the FOIA requester. Sometime on or before October 29, HUD updated the online portal to reflect that Ms. Clungeon made the four requests on behalf of her client, Friends of Discovery Park.



**Bricklin & Newman, LLP**
Attorneys at Law
1424 Fourth Avenue, Suite 500
Seattle WA 98101
Tel. (206) 264-8600
Fax. (206) 264-9300

57. Finally, on October 16, 2020, Mr. Rosenberg called Ms. Clungeon to report that HUD was "working on" the Fourth Request, but HUD was short-staffed, so things would take longer than normal. When asked, he was unable to provide an estimated date when or if Friends would receive the requested records.

## VI. CAUSE OF ACTION

### Violation of the Freedom of Information Act

58. The foregoing paragraphs are re-alleged and incorporated by reference.

59. Friends made four proper FOIA requests for information regarding HUD's and DOD's communications with the City of Seattle regarding the Fort Lawton land transfer.

60. Friends has attempted to communicate with HUD, making inquiries as to the status of the requests and working with the agency to narrow or clarify the scope of the requests as necessary, to no avail. HUD has repeatedly failed to adequately respond to requests for information under these FOIA requests.

61. For each of the First, Second, and Third Requests, HUD failed to provide an initial determination, within the statutory deadlines, as to whether it would respond to the requests or deny the requests, in violation of FOIA 5 U.S.C. § 552 and HUD's own regulations promulgated thereunder, 24 C.F.R. § 15.103, 15.105.

62. For the each of the First, Second, Third, and Fourth Requests, HUD failed to provide an estimated date of production after the initial estimated dates provided by the web portal had lapsed, in violation of FOIA 5 U.S.C. § 552 and HUD's own regulations promulgated thereunder, 24 C.F.R. § 15.103, 15.105.



**Bricklin & Newman, LLP**
Attorneys at Law
1424 Fourth Avenue, Suite 500
Seattle WA 98101
Tel. (206) 264-8600
Fax. (206) 264-9300

63. For each of the First, Second, Third Requests, and Fourth Requests, HUD failed to provide any responsive documents, in violation of FOIA 5 U.S.C. § 552 and HUD's own regulations promulgated thereunder, 24 C.F.R. § 15.103, 15.105.

64. Friends has fully exhausted its administrative remedies with regard to this request. Administrative remedies are deemed exhausted whenever an agency fails to comply with the applicable time limits, as stated by 5 U.S.C. § 552(a)(6)(C).

65. For these reasons, HUD is in violation of FOIA and its implementing regulations. 5 U.S.C. § 552; 24 C.F.R. Part 15.

66. Friends are entitled to their reasonable fees, costs, and expenses associated with this litigation pursuant to 28 U.S.C. § 2414 and 5 U.S.C. § 552(a)(4)(E).

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Friends of Discovery Park respectfully requests this Court to enter judgment in its favor, and:

1. Declare as unlawful HUD's failure to respond to Friends' four FOIA requests: 20-FI-HQ-00283; 20-FI-HQ-00581; 20-FI-HQ-01357; and 20-FI-HQ-01887.

2. Declare as unlawful HUD's failure to disclose records that Friends has requested pursuant to these four FOIA requests;

3. Order HUD to produce all non-exempt records requested by Friends as soon as practicable, by a date certain;

4. Exercise close supervision over HUD as it processes Friends' four FOIA requests or, in the alternative, appoint a special master to do so;

5. Award to Friends all costs and reasonable attorneys' fees as provided in 5 U.S.C. § 552(a)(4)(E) or any other law; and



**Bricklin & Newman, LLP**
Attorneys at Law
1424 Fourth Avenue, Suite 500
Seattle WA 98101
Tel. (206) 264-8600
Fax. (206) 264-9300

6. Grant other and further relief as the Court may deem just and proper.

Dated this 9th day of November, 2020.

Respectfully submitted,

BRICKLIN & NEWMAN, LLP

By: *s/David A. Bricklin*
By: *s/Alex Sidles*

David A. Bricklin, WSBA No. 7583
Alex Sidles, WSBA No. 52832
Bricklin & Newman, LLP
1424 Fourth Avenue, Suite 500
Seattle, WA 98101
Telephone: (206) 264-8600
Facsimile: (206) 264-9300
bricklin@bnd-law.com
sidles@bnd-law.com
*Attorneys for Plaintiff*